# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ISOLA USA CORPORATION,<br>   Plaintiff/Third Party Plaintiff,<br><br> v.<br><br>TAIWAN UNION TECHNOLOGY<br>CORPORATION,<br>   Defendant,<br><br> v.<br><br>EMC CORPORATION,<br>   Third Party Defendant. | **No. 15-MC-94003-TSH**<br>[D. Ariz. 12-CV-01361-SLG] |

## REPORT AND RECOMMENDATION

### June 18, 2015

Hennessy, M.J.

  Before this court is a motion by Isola USA Corporation ("Isola") to transfer prosecution of a motion to compel document production by a nonparty, from Massachusetts, where the nonparty is located and compliance is required under Fed. R. Civ. P. 45(c), to Arizona, where the underlying lawsuit is pending. (Docket #6). Nonparty EMC Corporation ("EMC"), against whom the motion to compel is directed, opposes the motion to transfer. (Docket #21). By Order of Reference dated April 14, 2014, pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to me for a Report and Recommendation. (Docket #36). Having heard argument of the parties, the matter is now ripe for adjudication.

  For the reasons that follow, I RECOMMEND that Isola's Motion to Transfer (Docket #6) be DENIED. In addition, I issued an order from the bench denying in part and granting in part the

motion to compel, (Docket #42), and have stayed that order until a ruling by the District Judge on this report and recommendation.

I. BACKGROUND

Isola sued Taiwan Union Technology Corporation ("TUC") in the United States District Court for the District of Arizona alleging that TUC has infringed patents belonging to Isola. The Isola patents claim an improved resin composition that is used in the manufacture of multilayered printed circuit boards or PCBs. Isola alleges that TUC unlawfully practices Isola's patents in a resin material it sells to PCB manufacturers. These PCBs, in turn, are one of many components that companies such as EMC use in their information technology products sold in the United States and elsewhere.

EMC is headquartered in Hopkinton, Massachusetts. It has two offices in Scottsdale Arizona.

On November 11, 2014, Isola served on nonparty EMC a subpoena pursuant to Fed. R. Civ. P. 45. (Document #6-2). The subpoena sought, among other things, documents that would identify EMC products imported into, or made and sold in, the United States, from 2006 to the present, that contain the accused TUC resin; and, all communications between EMC and TUC relating to Isola, the Isola patents at issue in the Arizona litigation, Isola products, or the Arizona litigation, including any indemnification negotiations and agreements. (Document #6-3). The subpoena called for compliance in Boston. (Id.). EMC produced documents responsive to the subpoena. (Document #6-2).

Thereafter, from November 2014 until late January 2015, Isola and EMC communicated in an effort to address the scope and completeness of EMC's production. (See Document #20-1 through 20-6).

Unable to reach a resolution, on February 2, 2015, Isola filed in this court a motion to compel EMC to produce documents responsive to the two categories of documents described above. On the same date, Isola moved pursuant to Fed. R. Civ. P. 45(f) to transfer the prosecution of the motion to compel from Massachusetts to Arizona, asserting that "exceptional circumstances" warranted transfer to, and adjudication by, the District Judge presiding in the underlying action. (Document #6). EMC opposed the motion, arguing that Isola failed to show "exceptional circumstances." (Docket #21). On June 16, 2015, the parties appeared before me and presented argument on both the motion to transfer and the motion to compel. (Docket #41).

## II.  STANDARD

Rule 45(c)(2) provides that a subpoena for documents may command production "within 100 miles of where the person resides … or regularly transactions business in person." Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions, such as a motion to compel, are to be filed in the district court where compliance is required.

Despite these provisions, Rule 45(f) authorizes transfer of a subpoena-related motion to the court where the underlying action is pending. In relevant part, Fed. R. Civ. P. 45(f) provides:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

The text of Rule 45(f) authorizes transfer in only two instances: upon the subpoenaed party's consent, or, in the absence of consent, a finding by the court of "exceptional circumstances." The Advisory Committee Notes reinforce the notion that transfer authority is narrow. See Fed. R. Civ. P. 45(f), Advisory Comm. Notes (2013) ("transfer to the court where the action is pending is sometimes warranted.... In some circumstances, however transfer may be warranted.") (emphasis supplied). Further, the Advisory Committee Notes identify as the "prime

3

concern" "avoiding burdens on local nonparties subject to subpoenas." Id. In part, the Notes provide:

> In the absence of consent, the court may transfer in exceptional circumstances…. The prime concern should be avoiding burdens on local nonparties subject to subpoena, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions….Transfer is appropriate only if [the interests advanced by the proponent of transfer] outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Id.

Finally, the Advisory Committee Notes give examples of what may constitute exceptional circumstances: "In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Id.

The proponent of transfer bears the burden of showing that such exceptional circumstances are present. Id.

III. ANALYSIS

Here, because EMC is headquartered in Hopkinton, Massachusetts, in the absence of consent or exceptional circumstances, Rule 45 provides that both compliance with the subpoena and subpoena-related motion practice shall occur in the District of Massachusetts. EMC does not consent to transfer.

Isola invokes Rule 45(f), and seeks transfer claiming that "exceptional circumstances" warrant transfer. In particular, Isola cites in its written submission the following interests as supporting a finding of exceptional circumstances: the pendency (and now resolution) in Arizona of Isola's motion to compel TUC to produce documents, which Isola argues involves issues related to the instant motion to compel EMC to produce documents; the existence of a protective order in

4

Arizona which Isola suggests cabins its presentation in this district of reasons to grant the motion to compel; its belief that EMC possesses more documents than it is willing to produce; the litigation history and complexity of the lawsuit and the efficiency of having the court more familiar with the underlying action hear the motion to compel; and, given EMC's resources and presence in Arizona, the lack of a burden on the nonparty. I find that these interests do not satisfy Isola's burden of establishing exceptional circumstances. I address these in order.

First, Isola argues that the pendency and recent resolution of its motion to compel production of documents from TUC involves issues related to the motion to compel documents from EMC. It posits that resolution of the EMC motion raises the possibility of a ruling inconsistent with the ruling on the TUC motion, and thus disruption of the Arizona Judge's management of this litigation, falling squarely within the concern cited in the Committee Advisory Notes. I disagree. The scope of discovery differs significantly between parties and nonparties. The "relevance" standard of Rule 26 does not apply to nonparties. Bio-Vita, Ltd. v. Biopure Corp., 138 F.R.D. 13, 17 (D. Mass. 1991). "To obtain discovery from nonparties, a party must establish that its need for discovery outweighs the nonparty's interest in nondisclosure." Id.; see Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998) ("Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."). Because of the difference in standards that apply to a motion to compel against TUC, a party, and the motion to compel against EMC, a nonparty, I find that the potential for inconsistent rulings and hence for disruption of management of the Arizona litigation is minimized.

The existence in Arizona of a protective order restricting disclosure of materials Isola may want to use to support its motion to compel documents from EMC also fails to make out exceptional circumstances. The Local Rules of this court authorize a party to move to impound any confidential materials. See LR, D. Mass. 7.2. Isola fails to address why it could not have availed itself of this remedy and submitted sealed documents to the court. Similarly, to the extent fairness would require disclosure of confidential documents to EMC, Isola could have sought a protective order binding EMC to honor the confidentiality of such documents. While Isola, to its credit, scrupulously observed the order and at oral argument did no more that allude to the existence of confidential documents that may bear on the motion to compel, given that it has the burden to show exceptional circumstances, this was not enough. In other words, on this record, Isola fails to show that other remedies short of transfer could not have addressed the effects of the protective order on its prosecution of the motion to compel.

Isola's third argument, its bald assertion that it has reason to believe that EMC has responsive documents that it is unwilling to produce, is insufficient. It is speculation. See Milazzo v. Sentry Ins., 856 F.2d 321, 322 (1st Cir. 1988) ("Discovery is not a 'fishing expedition;' parties must disclose some relevant factual basis for their claim before requested discovery will be allowed."). A demonstration of exceptional circumstances, in this court's view, requires an articulation of the "reason to believe," and not merely the belief. In addition, such a belief, even if supported by evidence and reasoning, does not warrant transfer. There is no reason this court could not equally weigh a supported belief and determine whether or not to grant the motion to compel.

As to Isola's fourth argument, there is no question that the District of Arizona is more familiar with the procedural and substantive aspects of the underlying patent litigation. However,

that cannot be what Congress meant when it required a finding of exceptional circumstances, otherwise the exception would swallow the rule. As a general matter, a Rule 45 subpoena-related motion will always be resolved by a court less familiar with the underlying litigation. See 9 James Wm. Moore et al., Moore's Federal Practice § 45.50[4] ("With Rule 45(f) requiring 'exceptional circumstances' for a court-ordered transfer, transfer of a subpoena-related motion is likely to continue to be unusual."); CMB Expert, LLC v. Atteberry, No. 3:14-mc-51-B-BN, 2014 U.S. Dist. LEXIS 72029, at *5 (N.D. Tex. May 27, 2014) ("[T]he fact that the issuing court undeniably had greater familiarity with the underlying action did not constitute an exceptional circumstance."). Isola's argument would eviscerate the protection Rule 45 provides to local nonparties.

Finally, Isola's claim that the burden on EMC is negligible, even if true, does not create exceptional circumstances. Certainly, this court would consider EMC's size, resources, and presence in Arizona as part of the transfer calculus, since the "prime concern" is to avoid burdens on a subpoenaed nonparty. However, standing alone, these factors do not support an exceptional circumstances finding. See Woods v. SouthernCare, Inc., 303 F.R.D. 405, 407 (N.D. Ala. 2014) ("The lack of a burden imposed on the nonparty by transfer is not in itself an exceptional circumstance and is insufficient to warrant transfer."). Indeed, as EMC argues, the fact that the party subject to subpoena is a large profitable company cannot mean exceptional circumstances without creating a type of "Fortune 500" exception where any large and successful business would lose the protections of Rule 45.

IV.     CONCLUSION

For the foregoing reasons, I RECOMMEND that Isola's Motion to Transfer (Docket #6) be DENIED.[1]

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).